United States Courts
Southern District of Texas
FILED

DEC 2 3 2022

Nathan Ochsner, Clerk of Court

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

## ___HOUSTON___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| RYAN JIVARO WHITAKER | O. B. ELLIS UNIT - HUNTSVILLE, TX |
| PETITIONER<br>(Full name of Petitioner) | CURRENT PLACE OF CONFINEMENT |
| | TDCJ-ID No.: 02247285 |
| vs. | PRISONER ID NUMBER |
| ANGELA CHEVALIER, Warden, Ellis Unit | |
| RESPONDENT<br>(Name of TDCJ Director, Warden, Jailor, or<br>authorized person having custody of Petitioner) | CASE NUMBER<br>(Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

What are you challenging? (Check all that apply)

☒  A judgment of conviction or sentence,          (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.
☐  A parole revocation proceeding.               (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.  .                 (Answer Questions 1-4, 15-19 & 20-25)
☐  Other:_____               (Answer Questions 1-4, 10-11 & 20-25)

All petitioners must answer questions 1-4:
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 230th District Court

   1201 Franklin, 16th Fl., Rm. 16040, Houston, TX  77002


2. Date of judgment of conviction: December 12, 2018

3. Length of sentence: 25 years

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Cause No. 1463151

Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.    What was your plea? (Check one)    ☒ Not Guilty       ☐ Guilty .       ☐ Nolo Contendere

6.    Kind of trial: (Check one)      ☒ Jury            ☐ Judge Only

7.    Did you testify at trial?    ☐ Yes    ☒ No

8.    Did you appeal the judgment of conviction?    ☒ Yes    ☐ No

9.    If you did appeal, in what appellate court did you file your direct appeal? __14th Court of__

__Appeals, Houston, TX__            Cause Number (if known): __14-19-00177CR__

What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

What was the date of that decision? __October=5, 2021__

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: __Court of Appeals erred when it held State's evidence was sufficient__

__to convince a jury beyond a reasonable doubt; Jury Charge failed to instruct__

__on presumption of reasonableness.__

Result: __Refused__

Date of result: __December 15, 2021__    Cause Number (if known): __PD-0871-21__

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: __N/A__

Date of result: __N/A__

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☒ Yes    ☐ No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: __230th District Court__

Nature of proceeding: __Art. 11.07 Writ of Habeas Corpus Application__

Cause number (if known): __1463151-A__

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:   December 6, 2022

Grounds raised:   Ineffective Assistance of Counsel; Abuse of Discretion

Skeletal Writ Application

Date of final decision:   Pending

What was the decision?   N/A

Name of court that issued the final decision:   N/A

As to any second petition, application or motion, give the same information:

Name of court:   230th District Court

Nature of proceeding:   Motion Request 11.07 Writ Application Be Held in Abeyance

Cause number (if known):   Cause No. 1463151 -A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
December 7, 2022

Grounds raised: Applicant needs time for State Court rulings on his post-conviction

motion's in which he seeks to obtain records and documents critical to his pet.

Date of final decision: Pending

What was the decision? N/A

Name of court that issued the final decision:   N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

WHITAKER v. CHEVALIER

Attachments to Habeas Petition

11.  If your answer to 10 is "Yes" give the following information: <u>third motion</u>

Name of court: <u>230th District Court</u>

Name of proceeding: <u>Motion to Compel Defense Counsel to Surrender the Case File</u>

Cause number (if known): <u>1463151-A</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown , by a file-stamped date from the particular court: <u>March 10, 2022</u>

Ground raised: <u>Defense Counsel's refusal to provide the defendant the ENTIRE Case/ Work file created during the attorney's representation for use in Habeas Corpus proceedings.</u>

Date of final decision: <u>Pending</u>

What was the decision? <u>N/A</u>

Name of court that issued the final decision: <u>N/A</u>


As to any <u>fourth</u> petition, application or motion:

Name of court: <u>230th District Court</u>

Name of proceeding: <u>Motion Requesting Trial Court to Order Issuance of Subpoena's and/or Appointment of Counsel</u>

Cause number (if known): <u>1463151-A</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>December 7, 2022</u>

Ground raised: <u>Pro se applicant, under Texas law is prohibited from filing a subpoena request being that they are a party in the proceeding in which the sought witness and/or information to be subpoenaed is relevant and pertinate to the case before the court, the pro se litigant must seek due process through the court.</u>

Date of final decision: <u>Pending</u>

What was the decision? <u>N/A</u>

Name of court that issued the final decision: <u>N/A</u>

    (c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☒ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?    ☐ Yes    ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

    _____

    _____

    _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes    ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

<u>All petitioners must answer the remaining questions:</u>

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    GROUND ONE: Petitioner denied Constitutionally effective assistance of counsel when trial counsel failed to obtain or consult with an medical expert witness regarding technical medical issues evolved from the toxicology and histology reports associated with the autopsy evidence in this case.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

B.    GROUND TWO: Petitioner was denied Constitutionally effective assistance of counsel when trial counsel failed to adequately investigate potential witnesses and relevant medical evidence that was reasonably available

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

C.   GROUND THREE: Petitioner was denied effective assistance of counsel due
to counsel's failure to investigate the medical toxicology and histology
reports that are associated with the autopsy.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.   GROUND FOUR: _____ Petitioner was denied effective assistance of counsel due
to counsel's failure to present a concise and correct motion to challenge
potential Brady violations in the case.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.   Relief sought in this petition: _____ Petitioner seeks that the Court issue a Writ of

Habeas Corpus to have the Petitioner brought before it to the end that

he may be discharged from his unconstitutional confinement and restraint.

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes      ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

All of the above grounds are 'new grounds' due to possible ineffective

assistance of counsel and appellate counsel  failure to present all

appellate grounds on direct appeal

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes      ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.  Art. 11.07 Writ Application in the 230th District Court of Harris County, TX.

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing:  Lance Hamm, Brian Savoy

(b)  At arraignment and plea:  Lance Hamm, Brian Savoy

(c)  At trial:  Lance Hamm, Brian Savoy

(d)  At sentencing:  Lance Hamm, Brian Savoy

(e)  On appeal:  Cheri Duncan

(f)  In any post-conviction proceeding:  PDR - Cheri Duncan

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____ ____

_____ _____ _____ ____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

I am in compliance with statutory requirements.  I seek the Court's

ruling to place a stay on this, my Federal writ motion and that the

Court grant permission for me to return to the State to exhaust my remedies

and then, if necessary, to supplement the record with a § 2254 petition

at a later date.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

**December 21, 2022**
_____ (month, day, year).

Executed (signed) on _____ **December 21, 2022** _____ (date).


Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _____ #02247285, O. B. Ellis Unit - 1697 FM 980

Huntsville, Texas   77343

Ryan J. Whitaker
#02247285
O.B. Ellis Unit – 1697 FM 980
Huntsville, Texas 77343



United States Courts
Southern District of Texas
FILED

DEC 23 2022

Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas – Houston Div.
Attn: Darlene Hansen – Deputy-in-Charge
515 Rusk St.
Houston, Texas 77002

"LEGAL MAIL"