United States District Court
Southern District of Texas

**ENTERED**

January 05, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN JIVARO WHITAKER, <br> (TDCJ #02247285) <br><br> *Petitioner,* <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice- <br> Correctional Institutions Division, <br><br> *Respondent.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-22-4482 |

## MEMORANDUM OPINION AND ORDER

Ryan Jivaro Whitaker, a Texas state inmate proceeding *pro se*, filed a Petition

for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254,

challenging his 2018 conviction for first-degree murder. (Dkt. 1). Under Rule 4 of

the Rules Governing Section 2254 Proceedings in the United States District Courts,

the Court is required to review a petition for federal habeas corpus relief and dismiss

it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to

relief." After considering Whitaker's petition and all matters of record, the Court

dismisses his petition for the reasons explained below.

## I.     BACKGROUND

On December 12, 2018, a jury found Whitaker guilty of one count of first-

degree murder in Harris County Cause Number 1463151.  (Dkt. 1, pp. 1-2).  The court sentenced him to twenty-five years' imprisonment.  (*Id.*).  Whitaker's conviction and sentence were affirmed on direct appeal.  *See Whitaker v. State*, No. 14-19-00177-CR, 2021 WL 4537405 (Tex. App.—Houston [14th Dist.] Oct. 5, 2021, pet. ref'd) (mem, op., not designated for publication).  The Texas Court of Criminal Appeals denied Whitaker's petition for discretionary review.  *Ex parte Whitaker*, PD-0871-21 (Tex. Crim. App. Dec. 15, 2021).

On December 6, 2022, Whitaker filed an application for a state writ of habeas corpus, challenging his conviction and sentence and raising several claims of ineffective assistance of counsel. (Dkt. 1, p. 3).  Whitaker describes his application as a "skeletal" application, and he filed several motions in the state habeas court seeking to obtain his case file from defense counsel to determine whether to raise additional claims.  (*Id.* at 5).  Whitaker admits that no rulings have been made and that the application remains pending in the Court of Criminal Appeals.  (*Id.* at 4, 9).

In his federal habeas petition filed on December 21, 2022, Whitaker raises four claims of ineffective assistance of counsel, both at trial and on appeal.  (Dkt. 1, pp. 7-8).  Along with his petition, Whitaker filed a motion asking the Court to hold his federal petition in abeyance while he exhausts his claims in the state habeas proceedings.  (Dkt. 4).  He also filed a motion seeking leave to proceed *in forma pauperis*.  (Dkts. 2, 3).

## II.    **DISCUSSION**

Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."  Under this provision, "absent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)).  Exceptions exist only when there is no available state corrective process or when that state process is ineffective to protect the petitioner's rights in his particular circumstances. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust state remedies under § 2254(b)(1)(A), a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore v. Quarterman*, 454 F.3d 484, 491 (5th Cir. 2006) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  In Texas, a criminal defendant may challenge a conviction by (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) filing a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal

Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

In this case, Whitaker admits that he has not yet exhausted his available state remedies. While he has pursued certain claims through the state direct-appeal process, he has not yet presented his claims of ineffective assistance of counsel through one complete cycle of post-conviction collateral proceedings. Because the substance of his federal habeas claims is different from those he pursued on direct appeal and because state collateral-review proceedings are still available to him, Whitaker has not exhausted his state remedies, and his petition is subject to dismissal.

In a motion accompanying his petition, Whitaker asks the Court to hold his federal petition in abeyance while he pursues his state remedies. (Dkt. 4). But while a federal court has discretion to stay a habeas petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 275 (2005), such a stay is not appropriate when the petitioner has failed to exhaust *any* of his claims. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state

4

remedies as to any of his federal claims."); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998) (same).  Because Whitaker has not exhausted any of the claims he seeks to raise in his federal petition, he is not entitled to have the petition held in abeyance rather than dismissed.

## III.   **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484).  When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Whitaker has not shown that reasonable jurists would find the Court's resolution of the constitutional or procedural issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Whitaker's motion to hold his petition for federal habeas corpus relief in abeyance, (Dkt. 4), is **DENIED**.

2. Whitaker's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice for lack of exhaustion.

3. Whitaker's motion to proceed *in forma pauperis* is **DENIED** without prejudice to being reconsidered if and when Whitaker returns to this Court after exhausting his available state remedies.

6

4. A certificate of appealability will not be issued.

The Clerk shall send a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on _____, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

7